**Geoffrey GLAUSER, on behalf of himself and all others similarly situated, Plaintiff(s),**

v.

**EVCI CAREER COLLEGES HOLDING CORP., Arol I. Buntzman, John J. McGrath and Richard Goldenberg, Defendants.**

Nos. 05 CIV.10240(CM), 05 CIV.10287(CM), 05 CIV. 10515(CM), 05 CIV. 10610(CM), 06 CIV. 00304(CM), 06 CIV. 00347(CM).

United States District Court, S.D. New York.

May 9, 2006.

Marian Rosner, Michael Adam Schwartz, Wolf Popper LLP, New York, NY, William Edward Bernarduci, Schatz and Nobel PC, Hartford, CT, for Plaintiffs.

Gideon Alexander Schor, Glenn Charles Colton, Meredith Eve Kotler, Wilson Sonsini Goodrich & Rosati, New York, NY, for Defendants.

## DECISION AND ORDER CONSOLIDATING ACTIONS AND SELECTING LEAD PLAINTIFF AND LEAD COUNSEL

MCMAHON, District Judge.

Before the Court are six securities fraud class action suits brought against EVCI Career Colleges Holding Corp. ("EVCI"), and three of its officers and directors, Arol I. Buntzman, John J. McGrath, and Richard Goldenberg (collectively "the Defendants"). At least one EVCI shareholder has also filed an action derivatively on behalf of EVCI. The following five class action plaintiffs have moved for consolidation of the seven actions (the six class actions and the derivative suit), as well as for appointment as Lead Plaintiff and appointment of their chosen counsel as Lead Counsel in the class actions: Geoffrey Glauser, Bradford Joblin, the Kahn Group, Martin Warren, and the Arkansas Teacher Retirement System ("Arkansas Teachers").[1]

For the reasons discussed below, the Court consolidates the seven pending actions, and designates Arkansas Teachers as Lead Plaintiff and appoints its chosen counsel, Bernstein, Litowitz, Berger & Grossmann, LLP ("Bernstein Litowitz"), as Lead Counsel in the six class actions.

### Consolidation of the Actions

Pursuant to Federal Rule of Civil Procedure 42(a), a court may order all actions consolidated if they involve "common issues of law or fact." Fed.R.Civ.P. 42(a). While district courts have "broad discretion" in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are "based on the same 'public statements and reports.'" *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, 2006 WL 197036, * 1 (S.D.N.Y. Jan.25, 2006) (citations omitted).

Each of the six class action complaints before the Court alleges that Defendants made false and misleading statements regarding EVCI's earnings and enrollment growth, in violation of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. Accordingly, the Court finds that the six actions involve "common issues of law and fact," and hereby consolidates them for all purposes.

The derivative suit, which also arises out of Defendants' alleged false and misleading statements about EVCI's earnings and enrollment, is consolidated with the class actions for discovery purposes. The Court will consider at a later date whether it will be consolidated for trial as well.

---

1. Two other class action plaintiffs, Robert Leggett and the Luz Group, have withdrawn previously-filed motions for Lead Plaintiff status.

The caption of the consolidated actions shall hereinafter be *"In re EVCI Career Colleges Holding Corp. Securities Litigation."* All relevant filings and submissions shall be maintained as one file under No. 05 Civ. 10240(CM). Any other actions now pending or later filed in this district that arise out of or are related to the same facts as alleged in the above cases shall be consolidated with these actions for all purposes, under docket number 05 Civ. 10240(CM).

### Appointment of Lead Plaintiff

*PSLRA Framework*

The Private Securities Litigation Reform Act ("PSLRA") governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(1) and (a)(3)(B)(I).

Within 20 days of the filing of the action, plaintiffs are required to publish a notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the court, within 60 days of the publication, for appointment as Lead Plaintiff. 15 U.S.C. § 78u–4 (a)(3)(A).

Within 90 days after the publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of the class members. 15 U.S.C. § 78u–4(a)(3)(B). In making this determination, the Court is to presume that the "most adequate plaintiff" is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii). This presumption may only be rebutted upon proof by a member of the purported class that the presumptive lead plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*Arkansas Teachers Is Most Adequate Plaintiff*

■ Plaintiffs in *Autumn Partners v. EVCI Career Colleges Holding Corp.*, 05 Civ. 10287, published a notification on *Business Wire* on December 8, 2005–only two days after the first of the six class actions was filed in this Courtinforming class members of the pendency of the action, and advising them of their right to file a motion for appointment as Lead Plaintiff. Each of the five potential Lead Plaintiffs moved this Court for Lead Plaintiff status within the 60 days following publication. Therefore, each of the five movants is eligible to be Lead Plaintiff. Pursuant to the PSLRA framework, Arkansas Teachers has the largest financial interest, and thus is the "most adequate plaintiff."

■ While the PSLRA does not define the term "largest financial interest," courts in this Circuit have traditionally examined the following four factors in calculating that interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (defined as the number of shares retained at the end of the class period); (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period. *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y.2002).

Under this four-prong standard, Arkansas Teachers' financial interest far outweighs that of any other movant. The record shows that Arkansas Teachers purchased 320,480 shares of EVCI between January 5, 2004 and November 25, 2005. Having sold 57,000 shares between January 22, 2004 and July 26, 2004, Arkansas Teachers held 263,480 shares at the end of the proposed period (August 14, 2003 through December 6, 2005). It expended a total of $2,634,701.00 on shares

of EVCI and a net total of $2,026,184.00 (the total expended less the amount recouped from the shares it sold). Arkansas Teachers claims a loss of $1,727,714.00 (the amount the value of the retained shares declined when EVCI announced the results of the New York State Education Department's final compliance review of EVCI's subsidiary, Interboro Institute, on December 6, 2005). Alternatively, Arkansas Teachers approximates its loss to be $1,591,890.00 under the "first in first out" ("FIFO") calculation. Under either measure, Arkansas Teachers incurred a loss at least four times greater than the other four movants combined, and nine times greater than Martin Warren, the movant with the second greatest loss.

Martin Warren purchased 35,000 shares of EVCI between October 7, 2003, and December 21, 2004. He sold all 35,000 shares on October 24, 2005, and thus did not retain any shares at the end of his proposed class period (August 14, 2003 through December 5, 2005). Mr. Warren expended total funds of $251,929.30, and net funds of $177,694.30. His approximate loss totals $177,694.30.

Next in line is the Kahn Group, comprised of three unrelated individual investors. The Group as a whole purchased 32,500 shares during its proposed class period (November 14, 2003 through October 19, 2005). It sold 15,000 shares between April 21, 2004, and May 3, 2004, retaining 17,500 shares at the end of the period. The Kahn Group spent a total of $359,010.00, and a net total of $179,960.00. It incurred a loss of $144,129.10.

Bradford Johnson expended $59,038.35 during his proposed class period (August 14, 2003 through December 5, 2005) on 15,223 shares. He retained all of those shares at the end of the period. Mr. Johnson claims $33,920.40 in approximate losses.

Lastly, Geoffrey Glauser purchased 2000 shares of EVCI during his proposed class period (November 14, 2003 through October 19, 2005) for a total of $12,124.00. He retained all 2000 shares at the end of the period and incurred a loss of $8,828.60.

In addition to having the largest financial interest, Arkansas Teachers is the only one of the Lead Plaintiff candidates that is an institutional investor. "This is significant because the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one." *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332–33 (S.D.N.Y.2005); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir.2005); H.R. Conf. Rep. No. 104–369, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690. Arkansas Teachers holds approximately $9.175 billion in assets for the benefit of 94,000 active and retired pensioners. It is experienced in securities class action litigation, having dedicated in-house attorneys charged with monitoring its selected counsel and this litigation. It is precisely the type of sophisticated institutional investor that Congress and this Court have recognized as being ideally suited to control this type of securities class action litigation.

 Moreover, Arkansas Teachers "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23 provides that a party may serve as a class representative only if: " (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). Typicality and adequacy of representation, however, "are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y.1998). Accordingly, "At this stage in the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 296 (E.D.N.Y.1998).

 Typicality is established where the claims of the Lead Plaintiff arise form the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal

theory, and where the class members and Lead Plaintiff were injured by the same conduct. *See Dietrich v. Bauer*, 192 F.R.D. 119, 124 (S.D.N.Y.2000). Arkansas Teachers, like all class members, (1) purchased or acquired EVCI securities during the proposed class period, (2) at prices allegedly artificially inflated by Defendants' false and misleading statements and/or omissions, and (3) suffered damages thereby. Thus, Arkansas Teachers' claims are typical within the meaning of Rule 23.

■ The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent. *Id.* at 126 (citations omitted). In this case, the interests of Arkansas Teachers are clearly aligned with the interests of the class, as discussed above. Additionally, Arkansas Teachers has retained Bernstein Litowitz, a highly competent firm with significant securities class action experience. It thus satisfies the adequacy requirement.

The presumption in favor of Arkansas teachers has not been rebutted by any member of the purported plaintiff class. In the absence of any "proof"—let alone any suggestion that Arkansas Teachers is subject to any unique defenses or will otherwise be incapable of fairly and adequately protecting and representing the interests of the class, the Court finds Arkansas Teachers to be the most adequate plaintiff to represent the class of EVCI investors, and thus appoints it Lead Plaintiff.

*The Court Declines to Appoint Co–Lead Plaintiff*

■ The Kahn Group, recognizing the likelihood that Arkansas Teachers would be appointed Lead Plaintiff, moves for appointment as co-Lead Plaintiff. The Group argues that, because the majority of class members are individual investors, the interests of the class will be better represented by a group of individual investors than by an institutional investor. It further asserts that, *in the event* that Defendants raise any unique defenses against Arkansas Teachers, the class interests will be jeopardized absent appointment of co-Lead Plaintiff.

The Kahn Group's proposal contravenes the very purpose of the PSLRA- to place securities class actions in the hands of the investor (ideally a sophisticated institutional investor) with the largest amount at stake in the outcome of the case. Not surprisingly, therefore, the Kahn Group fails to cite a single published case in this district in support of its position. In fact, the majority of courts to consider the appointment of small, "niche" investors as co-Lead Plaintiff have rejected it. *See, e.g., Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 83 n. 13 (2d Cir.2004). As one court, faced with this very argument, explained:

> Co–Lead Plaintiff might be appropriate in certain situations, such as two institutional investors with roughly equal economic losses in a particular case, or two or more smaller investors with roughly equal interests where there is no plaintiff with a significantly larger interest than all other plaintiffs. Here, however, where the interest of one institutional investor in this litigation far exceeds the interests of other purported plaintiffs, nothing persuades the Court to appoint co-Lead Plaintiffs.

*Gluck v. CellStar Corp.*, 976 F.Supp. 542, 549–50 (N.D.Tex.1997). Moreover, rather than better serving the interests of individual class members, the appointment of a co-Lead Plaintiff would only serve to fracture the leadership and drive up attorneys fees.

The Kahn Group's speculative and hypothetical argument that Arkansas Teachers *might* be subject to a later attack by Defendants is even less availing. *See, e.g., In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d at 296; *Gluck*, 976 F.Supp. at 547–48. The relevant inquiry is whether there are likely to be subclasses of investors with conflicting interests. In this case, there is no factual basis to conclude that the interests of the individual and institutional shareholders will be antagonistic, or that Arkansas Teachers will face unique defenses by Defendants. If it later turns out that their interests are antagonistic, the Court will revisit the issue. As a general rule, however, when all plaintiffs are

similarly situated in terms of injury (as they are here), the class is best served by having one Lead Plaintiff and one Lead Counsel to minimize legal fees.

The Kahn Group appears to be nothing more than a lawyer-created group of unrelated investors who were cobbled together "in the hope of thereby becoming the biggest loser for PSLRA purposes" a tactic disapproved of by this Court. *In re Veeco Sec. Litig.*, 233 F.R.D. at 334. Having failed in that attempt, the Kahn Group and their counsel now seek an end-run around the PSLRA's "largest financial interest" standard. The Court, seeing no reason to appoint co-Lead Counsel, declines to indulge the Kahn Group in these efforts.

### Appointment of Lead Counsel

The PSLRA provides that, "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v).

Arkansas Teachers move to have their chosen counsel, Bernstein Litowitz, appointed as Lead Counsel in the class actions. Bernstein Litowitz is a highly competent and respected law firm, specializing in securities class actions. The firm has served as sole or co-Lead Counsel in numerous complex securities class actions in this district, including the highly publicized WorldCom Securities Litigation. The Court has no objection to Bernstein Litowitz serving as Lead Counsel.

Accordingly, I hereby ORDER that the Arkansas Teachers Retirement System be designated as Lead Plaintiff in these six class actions, and that the firm of Bernstein, Litowitz, Berger & Grossmann, LLP serve as Lead Counsel. The Lead Plaintiff motions of Geoffrey Glauser, Bradford Joblin, the Kahn Group, and Martin Warren are denied. This disposes of all pending motions. The Clerk of the Court should so note.